FILED

2019 MAR 26  PM 2: 03

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

| | |
|---|---|
| Robert Kahn,<br><br>     Plaintiff,<br><br>v.<br><br>Grand Slam Enterprises, LLC, and Wahlburgers Franchising LLC,<br><br>     Defendants and Third-Party Plaintiffs,<br><br>v.<br><br>Gregory M. Pranzo and A List Group Inc.,<br><br>     Third-Party Defendants. | Case No. 6:19-mc-17-Orl-41DCI<br><br><br>Subpoena issued by the Northern District of Georgia (Atlanta Division) in Case No. 1:17-cv-05033-AT |

## Robert Kahn's Rule 45(f) Motion to Transfer his Motion to Compel Compliance with Subpoena *Duces Tecum* Against Gregory M. Pranzo and his Motion to Compel Gregory M. Pranzo to Produce Documents Withheld under Claim of Privilege and Incorporated Memorandum of Law

As authorized by Federal Rule of Civil Procedure 45(f), Robert Kahn hereby moves this Court to transfer both his Motion to Compel Compliance with Subpoena *Duces Tecum* Against Gregory M. Pranzo and his Motion to Compel Gregory M. Pranzo to Produce Documents Withheld under Claim of

— 1 —

Privilege to the court that issued the subpoena at issue, the United States District Court for the Northern District of Georgia.

Motions to compel a nonparty to comply with a subpoena are required to be filed in the district where compliance with the subpoena is required to take place.[1] That would be this Court, as Pranzo was served with Kahn's subpoena *duces tecum* in this district.[2] But Rule 45(f) provides that "when the court where compliance is required did not issue the subpoena, it may transfer a motion under [Rule 45] to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." "Rule 45(f) does not explain what qualifies as an exceptional circumstance,"[3] but the Advisory Committee's notes on the 2013 amendments to Rule 45 state that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation."[4]

Pranzo was a nonparty to this case in July 2018 when he was served with Kahn's subpoena *duces tecum*. But since then, the defendants in this

---

[1] FED. R. CIV. P. 45(d)(2)(B).

[2] *Kahn v. Grand Slam Enters., LLC*, ECF No. 69-1, No. 1:17-cv-05033-AT (N.D. Ga. Aug. 27, 2018) (subpoena *duces tecum*) (attached as Exhibit A); *Kahn v. Grand Slam Enters., LLC*, ECF No. 70, No. 1:17-cv-05033-AT (N.D. Ga. Aug. 27, 2018) (affidavit of service) (attached as Exhibit B).

[3] *Dispatch Printing Co. v. Zuckerman*, No. 16-cv-80037-BLOOM/ Valle, 2016 WL 335753, at *2 (S.D. Fla. Jan. 27, 2016).

[4] FED. R. CIV. P. 45(f) advisory committee's notes to 2013 amendment.

case added Pranzo as a third-party defendant, and he was served with a summons and the defendants' third-party complaint, making him a party to this case before the Northern District of Georgia, the court that issued the subpoena that is the subject of Kahn's motions to compel.[5] The reason why motions to compel a nonparty to comply with a subpoena must be filed in the district where compliance with the subpoena is required to take place is to protect local nonparties from undue burdens by providing for the local resolution of disputes about subpoenas.[6] But because Pranzo is now a party to this case, the reason that Rule 45 required Kahn's motion to be decided by this Court has been obviated. As a party to the case in the Northern District of Georgia, Pranzo no longer has an interest in obtaining the local resolution of Kahn's motions.

Now that Pranzo is a third-party defendant in this case, he is subject to the discovery process as a party to the case, which is being managed by the

---

[5] *Kahn v. Grand Slam Enters., LLC*, ECF No. 73, No. 1:17-cv-05033-AT (N.D. Ga. Aug. 27, 2018) (order granting defendants leave to file third-party complaint against Gregory M. Pranzo) (attached as Exhibit C); *Kahn v. Grand Slam Enters., LLC*, ECF No. 74, No. 1:17-cv-05033-AT (N.D. Ga. Aug. 28, 2018) (third-party complaint against Pranzo) (attached as Exhibit D); *Kahn v. Grand Slam Enters., LLC*, ECF No. 83, No. 1:17-cv-05033-AT (N.D. Ga. Nov. 26, 2018) (order extending deadline for defendants to serve Pranzo with third-party complaint) (attached as Exhibit E); *Kahn v. Grand Slam Enters., LLC*, ECF No. 89, No. 1:17-cv-05033-AT (N.D. Ga. Dec. 13, 2018) (proof of service of third-party complaint on Pranzo) (attached as Exhibit F).

[6] FED. R. CIV. P. 45(f) advisory committee's notes to 2013 amendment.

United States District Court for the Northern District of Georgia, and transferring Kahn's motions to the Northern District of Georgia will avoid disrupting that court's management of the case.

Where a nonparty to a case is served with a subpoena *duces tecum*, fails and refuses to comply with the subpoena, and in the interim becomes a party to the case before the court that issued the subpoena, exceptional circumstances exist that warrant this Court transferring Rule 45 subpoena-compliance motions to the court that issued the subpoena.

Pranzo is now a party in this case before the Northern District of Georgia. This Court should transfer Kahn's Motion to Compel Compliance with Subpoena *Duces Tecum* Against Gregory M. Pranzo and Kahn's Motion to Compel Gregory M. Pranzo to Produce Documents Withheld under Claim of Privilege to the Northern District of Georgia.

### Certificate of Good-Faith Conference

Before filing this motion, the undersigned counsel certifies that Kahn's Georgia counsel, Marc B. Hershovitz, conferred with Pranzo's counsel in a good-faith effort to resolve the issues raised by this motion, and counsel for Kahn and Pranzo were unable to agree on the resolution of this motion.

[The rest of this page is intentionally left blank.]

Respectfully submitted this 26th day of March 2019.

_____
Rachel D. Gebaide
Florida Bar No. 0157600
LOWNDES, DROSDICK, DOSTER, KANTOR &
REED, P.A.
215 North Eola Drive
Orlando, Florida 32801
407-418-6258
407-843-4444 (fax)
rachel.gebaide@lowndes-law.com
janie.kearse@lowndes-law.com
litcontrol@lowndes-law.com

Marc B. Hershovitz
Georgia Bar No. 349510
MARC B. HERSHOVITZ, P.C.
One Alliance Center
4th Floor
3500 Lenox Road
Atlanta, Georgia 30326
404-262-1425
404-262-1474 (fax)
marc@hershovitz.com

Attorneys for Robert Kahn

## Certificate of Service

    I hereby certify that on March 26, 2019, I served by first-class mail (certified with return receipt requested) and email a true and correct copy of this document on the following:

Chris Hill, Esq.
Rachel O'Brien, Esq.
Hill, Rugh, Keller & Main, P.L.
390 N Orange Avenue
Suite 1610
Orlando, Florida 32801
chris@hrkmlaw.com
rachel@hrkmlaw.com

Jonathan H. Fain, Esq.
PebLaw, PC
66 Lenox Pointe, N.E.
Atlanta, Georgia 30324
law@peblawpc.com

Alan E. McKenna, Esq.
Stevenson McKenna & Callanan LLP
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
amckenna@smcattorneys.com

_____
Rachel D. Gebaide
Florida Bar No. 157600