# Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| | |
|---|---|
| Robert Kahn ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 1:17-cv-05033-AT |
| Grand Slam Enterprises, LLC, and Wahlburgers Franchising LLC ) ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Gregory M. Pranzo

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: the documents, material, electronically stored information, and objects in the attached Exhibit A, which is incorporated herein by reference. In lieu of appearance, all records produced can be delivered via overnight mail to Marc B. Hershovitz, P.C., at 3500 Lenox Road, 4th Floor, Atlanta, Georgia 30326.

| Place: Lowndes, Drosdick, Doster, Kanter & Reed, P.A. Attention: Rachel Gebaide 215 N. Eola Drive, Orlando, FL 32801 | Date and Time: 08/16/2018 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/19/2018

*CLERK OF COURT*

_____        OR      *[signature]*
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Robert Kahn
_____, who issues or requests this subpoena, are:

Marc B. Hershovitz, 3500 Lenox Road, 4th Floor, Atlanta, Georgia 30326, (404) 262-1425, marc@hershovitz.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:17-cv-05033-AT

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 6:19-mc-00017-CEM-DCI Document 3-1 Filed 03/26/19 Page 4 of 11 PageID 281
Case 1:17-cv-05033-AT Document 69-1 Filed 07/19/18 Page 3 of 16

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

1. All documents and electronic records or databases in your possession or under your control that show what fax numbers, persons, businesses, or entities were sent one or more fax transmissions with content identical or substantially similar to the attached Exhibit 1.

2. All documents and electronic records or databases in your possession or under your control that show what fax numbers, persons, businesses, or entities were sent the fax transmissions for which ProFAX, Inc., or any related entity sent you the invoice attached as Exhibit 2.

3. All documents and electronic records or databases in your possession or under your control that show what fax numbers, persons, businesses, or entities were sent the fax transmissions for which ProFAX, Inc., or any related entity sent you the invoice attached as Exhibit 3.

4. All contracts, work orders or instructions, invoices, and communications (which includes but is not limited to emails) in your possession or under your control related to the fax transmission attached as Exhibit 1.

5. All contracts and drafts of contracts, work orders or instructions, invoices, and communications (meaning emails, texts, handwritten notes, etc.) in your possession or under your control related to the fax transmissions for which ProFAX, Inc., sent you the invoice attached as Exhibit 2.

6. All contracts and drafts of contracts, work orders or instructions, invoices, and communications (meaning emails, texts, handwritten notes, etc.) in your possession or under your control related to the fax transmissions for which ProFAX, Inc. sent you the invoice attached as Exhibit 3.

7. All contracts and drafts of contracts, work orders or instructions, invoices, and communications (meaning emails, texts, handwritten notes, etc.) in your possession or under your control between you and Grand Slam Enterprises, LLC, d/b/a WAHLBURGERS or any agent acting on its behalf. This includes all contracts, work orders or instructions, invoices, and communications regardless of the subject matter.

8. All contracts and drafts of contracts, work orders or instructions, invoices, and communications (meaning emails, texts, handwritten notes, etc.) in your possession or under your control between you and Wahlburgers Franchising LLC or any agent acting on its behalf regarding fax lists (lists of fax numbers) or fax advertising.

9. All contracts and drafts of contracts, work orders or instructions, invoices, and communications (meaning emails, texts, handwritten notes, etc.) in your possession or under your control between you and Finer Food Services LLC or any agent acting on its behalf. This includes all contracts, work orders or instructions, invoices, and communications regardless of the subject matter.

10. All contracts and drafts of contracts, work orders or instructions, invoices, and communications (meaning emails, texts, handwritten notes, etc.) in your possession or under your control between you and Stadium Burgers LLC or any agent acting on its behalf. This includes all contracts, work orders or instructions, invoices, and communications regardless of the subject matter.

11. All contracts and drafts of contracts, work orders or instructions, invoices, and communications (meaning emails, texts, handwritten notes, etc.) in your possession or under your control between you and Georgia Burger Company LLC or any agent acting on its behalf. This includes all contracts, work orders or instructions, invoices, and communications regardless of the subject matter.

12. All contracts and drafts of contracts, work orders or instructions, invoices, and communications (meaning emails, texts, handwritten notes, etc.) in your possession or under your control between you and Georgia Burgers LLC or any agent acting on its behalf. This includes all contracts, work orders or instructions, invoices, and communications regardless of the subject matter.

13. All communications (meaning emails, texts, handwritten notes, etc.) in your possession or under your control between you and Thomas ("Tom") Throm.

14. All communications (meaning emails, texts, handwritten notes, etc.) in your possession or under your control between you and Dwane Salter.

15. All communications (meaning emails, texts, handwritten notes, etc.) in your possession or under your control between you and John Koumandarakis.

16. All communications (meaning emails, texts, handwritten notes, etc.) in your possession or under your control between you and anyone acting on behalf of Closest to the Peach, LLC.

17. All communications (meaning emails, texts, handwritten notes, etc.) in your possession or under your control between you and Mark Wahlberg.

18. All communications (meaning emails, texts, handwritten notes, etc.) in your possession or under your control between you and anyone acting on behalf of Mark Wahlberg.

19. All communications (meaning emails, texts, handwritten notes, etc.) in your possession or under your control between you and Jonathan H. Fain.

20. All contracts and any drafts of contracts in your possession or under your control between you, Stadium Burgers LLC, or any other person or entity and Thomas ("Tom") Throm.

21. All contracts and any drafts of contracts in your possession or under your control between you, Stadium Burgers LLC, or any other person or entity and Dwane Salter.

22. All contracts and any drafts of contracts in your possession or under your control between you, Stadium Burgers LLC, or any other person or entity and John Koumandarakis.

23. All contracts and any drafts of contracts in your possession or under your control between you, Stadium Burgers LLC, or any other person or entity and Closest to the Peach, LLC.

24. All contracts and any drafts of contracts in your possession or under your control between you, Stadium Burgers LLC, or any other person or entity and Grand Slam Enterprises, LLC.

25. All contracts and any drafts of contracts in your possession or under your control between you, Stadium Burgers LLC, or any other person or entity and Wahlburgers Franchising LLC.

26. All contracts in your possession or under your control between you, Finer Food Services LLC, Stadium Burgers LLC, or any other person or entity and Joseph Colbert Jr.

27. All contracts in your possession or under your control related in any way to the property located at 5345 Bells Ferry Road, Acworth, Georgia 30102, or the property located at 5333 Bells Ferry Road, Acworth, Georgia 30102.

28. All communications (meaning emails, texts, handwritten notes, etc.) in your possession or under your control related in any way to the property located at 5345 Bells Ferry Road, Acworth, Georgia 30102, or the property located at 5333 Bells Ferry Road, Acworth, Georgia 30102.

29. All communications (meaning emails, texts, handwritten notes, etc.) that you sent or received at any time related to the fax transmission attached as Exhibit 1.

30. All communications (meaning emails, texts, handwritten notes, etc.) that you sent or received at any time related to the fax transmissions for which ProFAX, Inc., sent you the invoice attached as Exhibit 2.

31. All communications (meaning emails, texts, handwritten notes, etc.) that you sent or received at any time related to the fax transmissions for which ProFAX, Inc., sent you the invoice attached as Exhibit 3.

32. All communications (meaning emails, texts, handwritten notes, etc.) that you sent to or received from anyone associated with ProFAX, Inc., after November 1, 2016.

33. All communications (meaning emails, texts, handwritten notes, etc.) that you sent to or received from anyone whose email address includes the domain name profax.com or profax.co after November 1, 2016.

34. All communications (meaning emails, texts, handwritten notes, etc.) that you sent to or received from anyone associated with Grand Slam Enterprises, LLC, d/b/a WAHLBURGERS after November 1, 2016.

— 4 —

35. All communications (meaning emails, texts, handwritten notes, etc.) that you sent to or received from anyone associated with Wahlburgers Franchising LLC after January 1, 2014, regarding lists of fax numbers or fax advertising.

36. All communications (meaning emails, texts, handwritten notes, etc.) that you sent to or received to anyone associated with BDC/Fuqua Retail, LLC after January 1, 2017.

37. All communications (meaning emails, texts, handwritten notes, etc.) that you sent to or received to anyone associated with SunTrust Bank after January 1, 2017.

38. All communications (meaning emails, texts, handwritten notes, etc.) that you sent to or received to anyone at any time regarding or related to personal guarantees of commercial notes dated December 1, 2016, or thereafter.

39. All communications (meaning emails, texts, handwritten notes, etc.) that you sent to or received to anyone at any time regarding or related to the property or the lease for the located at 455 Legends Place, S.E. Suite 874, Atlanta, Georgia 30339.

40. All communications (meaning emails, texts, handwritten notes, etc.) that you sent to or received from anyone associated with Finer Food Services LLC after November 1, 2016 regarding lists of fax numbers or fax advertising.

41. All communications (meaning emails, texts, handwritten notes, etc.) that you sent to or received from anyone after November 1, 2016 regarding Grand Slam Enterprises, LLC, d/b/a WAHLBURGERS or the WAHLBURGERS restaurant located at 455 Legends Place, S.E. Suite 874, Atlanta, Georgia 30339.

42. All communications (meaning emails, texts, handwritten notes, etc.) that you sent to or received from Katelyn M. Barnes after November 1, 2016 regarding lists of fax numbers or fax advertising.

43. All IRS forms 1099, W-2, or Schedule K-1 that you received from any source for tax years 2016 to the present.

— 5 —

44. A List Group Inc.'s corporate record book with all documents maintained therein, including but not limited to minutes of annual and special meetings of the board of directors and minutes of annual and special meetings of shareholders.

45. Finer Food Services LLC's corporate record book with all documents maintained therein, including but not limited to the company's operating agreement and the minutes of annual and special meetings of the members.

46. Stadium Burgers LLC's corporate record book with all documents maintained therein, including but not limited to the company's operating agreement and the minutes of annual and special meetings of the members.

47. Georgia Burgers LLC's corporate record book with all documents maintained therein, including but not limited to the company's operating agreement and the minutes of annual and special meetings of the members.

48. Georgia Burger Company LLC's corporate record book with all documents maintained therein, including but not limited to the company's operating agreement and the minutes of annual and special meetings of the members.

49. MB Hospitality LLC's corporate record book with all documents maintained therein, including but not limited to the company's operating agreement and the minutes of annual and special meetings of the members.

50. Charlotte Burgers LLC's corporate record book with all documents maintained therein, including but not limited to the company's operating agreement and the minutes of annual and special meetings of the members.

51. Raleigh Burgers LLC's corporate record book with all documents maintained therein, including but not limited to the company's operating agreement and the minutes of annual and special meetings of the members.

— 7 —

52. If any of the above-specified electronic records, databases, documents, or communications have been deleted from your computers, cell phones, other media so that they cannot be accessed and produced by you—or if you have had any hard drive crash or any other media unavailability for any computer or other media on which any of the above-specified electronic records, databases, documents, or communications have been stored so that the requested material cannot be accessed and produced by you—provide the computer, cell phone, or other media on which the above electronic records, databases, documents, or communications have been stored so that a computer-forensics expert employed by plaintiff can make a complete forensic image copy of the media without any further degradation of the media.