UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT KAHN,

    Plaintiff,

v.

GRAND SLAM ENTERPRISES, LLC, and
WAHLBURGERS FRANCHISING LLC,

    Defendants.
_____/

Case No.: 19-mc-00017-CEM-DCI

Northern District of Georgia, Atlanta Div.
Case No.:  1:17-cv-0503-AT

**A LIST GROUP INC. AND GREGORY M. PRANZO'S OMNIBUS RESPONSE TO PLAINTIFF'S MOTIONS TO COMPEL COMPLIANCE WITH SUBPOENAS DUCES TECUM AGAINST A LIST GROUP INC. AND GREGORY M. PRANZO AND MOTIONS TO COMPEL A LIST GROUP INC. AND GREGORY M. PRANZO TO PRODUCE DOCUMENTS WITHHELD UNDER CLAIM OF PRIVILEGE, AND <u>RESPONSE TO PLAINTIFF'S RULE 45(f) MOTIONS TO TRANSFER</u>**

A List Group Inc. (A List) and Gregory M. Pranzo (Pranzo), pursuant to Fed. R. Civ. P. 37 and 45 and Local Rules 3.01 and 3.04, respond as set forth herein to Plaintiff's (1) Motion to Compel Compliance with Subpoena *Duces Tecum* Against A List Group Inc. and Incorporated Memorandum of Law, (2) Motion to Compel Compliance with Subpoena *Duces Tecum* Against Gregory M. Pranzo and Incorporated Memorandum of Law, (3) Motion to Compel A List Group Inc. to Produce Documents Withheld under Claim of Privilege and Incorporated Memorandum of Law, and (4) Motion to Compel Gregory M. Pranzo to Produce Documents Withheld under Claim of Privilege and Incorporated Memorandum of Law (collectively, Motions to Compel).

In response to Plaintiff's Rule 45(f) Motions to Transfer, A List and Pranzo do not object to the transferring of the Motions to Compel to Case No. 1:17-cv-05033-AT pending in the United

States District Court for the Northern District of Georgia, Atlanta Division, the court in which the underlying action is pending.[1]

## Background

1. On August 16, 2018, A List Group Inc. and Gregory M. Pranzo responded to the unreasonably overbroad non-party subpoenas served on them on July 20, 2018, by Plaintiff Robert Kahn.

2. A List and Pranzo supplemented their responses on August 31, 2018, and again on September 10, 2018.

3. Furthermore, on October 10, 2018, A List and Pranzo responded to Plaintiff's written request for additional information regarding documents identified in the privilege log, individuals named in the privilege log, and the nature of Mr. Pranzo's role in certain businesses.

4. Nevertheless, five and a half months later, on March 26, 2019, Plaintiff filed the instant Motions to Compel.

5. First, Plaintiff's Motions to Compel violate Local Rule 3.01(a) and (d), because Plaintiff did not request leave to file motions in excess of 25 pages.

6. Second, Plaintiff's argument that A List and Pranzo waived all objections and privilege claims is unsupported by the circumstances of this case and should be disregarded by the Court.

7. In accordance with the "spirit of cooperation and civility" set forth in the Middle District Discovery Handbook and the suggested procedures regarding non-party discovery, before responding to the subpoenas, the undersigned notified Plaintiff's counsel of the objectionable nature of many of the requested categories of documents, kept Plaintiff's counsel apprised of the

---

[1] For clarification, A List and Pranzo were recently added as parties to the Georgia action, but the subpoenas discussed in Plaintiff's Motions to Compel and this Omnibus Response are Rule 45 subpoenas issued from this Court.

status of documents being gathered, advised of the impossibility of a complete production by 10:00 a.m. on August 16, 2018 as called for in the subpoenas, explained the multiple attorneys and corporate entities necessarily involved in collecting responsive documents for a privilege review and producing items containing confidential Wahlburgers business material, and described the technological difficulties associated with attempting to produce emails from email accounts that do not allow downloads.

8. Plaintiff correctly states A List and Pranzo's initial responses were not served by 10:00 a.m., the time for compliance called for in the subpoena. A List and Pranzo concede their initial responses were served on the date of compliance called for in the subpoena, though not before 10:00 a.m., but Plaintiff's argument for waiver on this technicality is disingenuous.

9. Plaintiff's counsel was well aware of the diligent efforts undertaken by counsel to gather and produce material, and Plaintiff has not and cannot show not any prejudice to its case by virtue of the short delay. A List and Pranzo further note that even a delayed response does not entitle the sender of non-party subpoenas to unfettered discovery, particularly when there is no prejudice to the sender's client.

10. In support of its position, A List and Pranzo cite *W. Res., Inc. v. Union Pac. R.R. Co.*, 2002 U.S. Dist. LEXIS 14812 (D. Kan. 2002) (responding party's counsel simply sent a letter saying they objected to the subpoena without asserting any grounds for the objection; court found no waiver). In that case, the court wrote:

> Failure to serve timely written objections to a subpoena duces tecum may not constitute a waiver of objections if there are "unusual circumstances" and "good cause" for the failure. Courts have found the following circumstances may excuse the failure to serve timely written objections: (i) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (ii) the subpoenaed witness is a nonparty acting in good faith; or (iii) counsel for the witness and counsel for the subpoenaing party were in contact concerning the

3

        witness's compliance before the witness challenged the legal basis for the subpoena." *Id.* at *5-6.

11.    Each of the three factors identified in *W. Res., Inc. v. Union Pac. R.R. Co.* is met in the instant case, warranting a finding against waiver. *See also* Fed. R. Civ. P. 45(d)(2)(B) (entitled "Objections," not referencing privilege claims); Fed. R. Civ. P. 45(e)(2) (governing privilege claims asserted by a non-party in response to a subpoena); *WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891 (S.D. Ind. 2006) (overruling objection to timeliness of a motion to quash a Rule 45 subpoena due to the breadth of the subpoena, the non-party status of the recipient, and the recipient's prior communication of its intent to seek court assistance should the sending party decline to withdraw its subpoena); *Am. Elec. Power Co. v. U.S.*, 191 F.R.D. 132 (S.D. Ohio 1999) (non-party's objections served March 1 in response to January 20 subpoena were not untimely absent intentional failure or bad faith, even where objections were served well after deadline for exchange of parties' expert reports); *Alexander v. FBI*, 186 F.R.D. 21 (D.C.D.C. 1998) (subpoena's overbreadth militated against an inflexible reading of Rule 45; court deemed responding party's objections timely); and *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. (S.D.N.Y. 1996) (responding party was cooperating, and deeming objections untimely would discourage informal dispute resolution regarding productions in response to subpoenas).

12.    A List and Pranzo did not move to quash the subpoenas in their entirety but rather in good faith identified categories that would be produced. A List and Pranzo did this in part by specifying in their responses the sub-categories of documents sought by Plaintiff that were "nonprivileged" and "relevant to any party's claim . . . and proportional to the needs of the case," consistent with Fed. R. Civ. P. 26(b).

13. Plaintiff now attempts to frame that effort as "unilaterally alter[ing] the items specified for production in the subpoena," claiming "nothing" authorizes such a response. Contrary to Plaintiff's argument, that is precisely the procedure outlined in Rule 34(b)(1)(C).

14. Finally, A List and Pranzo state they stand on the objections and privilege claims asserted in their responses and privilege log served after receiving Plaintiff's non-party subpoenas.

WHEREFORE, A List Group Inc. and Gregory M. Pranzo respectfully request that this Honorable Court enter an order denying Plaintiff's (1) Motion to Compel Compliance with Subpoena *Duces Tecum* Against A List Group Inc. and Incorporated Memorandum of Law, (2) Motion to Compel Compliance with Subpoena *Duces Tecum* Against Gregory M. Pranzo and Incorporated Memorandum of Law, (3) Motion to Compel A List Group Inc. to Produce Documents Withheld under Claim of Privilege and Incorporated Memorandum of Law, and (4) Motion to Compel Gregory M. Pranzo to Produce Documents Withheld under Claim of Privilege and Incorporated Memorandum of Law.

DATED: April 9, 2019

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 9, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to:

Marc B. Hershovitz, Esq.
marc@hershovitz.com
Counsel for Plaintiff Robert Kahn

Rachel D. Gebaide, Esq.
Rachel.gebaide@lowndes-law.com
Janie.kearse@lowndes-law.com
litcontrol@lowndes-law.com
Counsel for Plaintiff Robert Kahn

Jonathan H. Fain, Esq.
law@peblawpc.com
Counsel for Defendants Grand Slam Enterprises, LLC &
Wahlburgers Franchising LLC

Alan E. McKenna, Esq.
*Admitted Pro Hac Vice*
amckenna@smcattorneys.com
Counsel for Defendant Wahlburgers Franchising LLC

                                                *s/Rachel A. O'Brien*
                                                CHRISTOPHER T. HILL
                                                Florida Bar No. 0868371
                                                RACHEL A. O'BRIEN
                                                Florida Bar No. 99027
                                                390 North Orange Avenue, Suite 1610
                                                Orlando, FL   32801
                                                (407) 926-7460
                                                (407) 926-7461 (facsimile)
                                                filings@hrkmlaw.com
                                                *Attorneys for A List Group, Inc. &*
                                                *Gregory M. Pranzo*